# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re RAFE RUSSELL LAPHAM II,<br><br>    Debtor,<br><br>_____<br><br>RAFE RUSSELL LAPHAM II,<br><br>    Appellant,<br><br>    v.<br><br>UNITED STATES TRUSTEE,<br><br>    Appellee. | Case No. 1:17-cv-00382-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

Debtor and Appellant Rafe Lapham II appeals from the bankruptcy court's decision to convert his Chapter 11 bankruptcy case to a Chapter 7 case. For the reasons explained below, the Court will affirm.

## BACKGROUND

Mr. Lapham sells art and antiquities in Bellevue, Idaho. He also works on inventions, and he has previously operated a fishing lodge and worked as a graphic designer and as a marketing consultant. Lapham had to close the fishing lodge when he

"gradually came across hard times." *Opening Br.*, Dkt. 8, at 7. Additionally, slow sales in the antiquities market prompted him to file a Chapter 11 bankruptcy petition in May 2017.

Lapham included the following assets in his bankruptcy schedules:

1) a home and outbuildings on 10 acres in Bellevue, Idaho, valued at $1.3 million;

2) a fishing lodge, three cabins, and a pool on 2.75 acres in Ennis, Montana, valued at $1 million;

3) ten vehicles, valued at $120,000; and

4) antiques and art, valued at roughly $1.29 million.

When the U.S. Trustee asked about insurance on these assets, Lapham provided a copy of his homeowners' policy. But that policy only covered the Bellevue residence up to a maximum value of $752,500; it did not cover personal property at Lapham's business address, nor did it cover the Montana property. As for the ten vehicles, Lapham supplied proof of insurance only for one. Lapham later provided a new homeowner's insurance policy, but although that policy increased coverage for the Bellevue property to $2 million, it did not purport to cover the Montana property or the personal property located at Lapham's business.

The Trustee's concern over the lack of adequate insurance coverage prompted a motion to convert or dismiss. And although the lack of adequate insurance was the driving force behind the motion, the Trustee also had other concerns: (1) Lapham did not file complete, timely, or accurate Monthly Operating Reports, (2) he failed to pay real

property taxes for the Montana and Idaho properties; (2) he listed the Montana property for sale with a real estate agent without first seeking court approval to employ professionals; (3) he sent art or antiquities to auction houses without first seeking approval to employ professionals; and (4) he failed to set up and properly use Debtor-in-Possession (DIP) accounts.

After conducting an evidentiary hearing, the bankruptcy court granted the motion and converted Lapham's Chapter 11 reorganization to a Chapter 7 liquidation. Lapham appeals this order.

## JURISDICTION

A bankruptcy court order converting a Chapter 11 case to a Chapter 7 case is a final and appealable order. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 770 (9th Cir. 2008). Accordingly, the Court has jurisdiction under 28 U.S.C. § 158(a)(1).

## STANDARD OF REVIEW

"The bankruptcy court is given wide discretion to convert a chapter 11 case to chapter 7 for cause, and an order for conversion is reviewed for an abuse of discretion." *In re Greenfield Drive Storage Park,* 207 B.R. 913, 916 (9th Cir. BAP 1997). A bankruptcy court abuses its discretion if its decision fails a two-part test. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The first step is to determine, *de novo*, whether the bankruptcy court identified and applied the correct legal rule. *Id.* Second, if the bankruptcy court identified the correct legal, the reviewing court must then determine whether the trial court's "resolution of the motion resulted from a

factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.* at 1263; *see also In re Hernandez,* 483 B.R. 713, 719 (9th Cir. BAP 2012). If the bankruptcy court committed any of these errors, then the court "ha[s] a definite and firm conviction that" the bankruptcy court made a mistake or made a decision that "was not among its permissible options, and thus that its abused its discretion by making a clearly erroneous finding of fact." *Hinkson,* 585 F.3d at 1262.

## DISCUSSION

**Step 1: Whether the Bankruptcy Court Applied the Correct Legal Standard**

This Court's first task is to determine whether the bankruptcy court applied the correct legal rule. This is an easy one, as the bankruptcy court clearly identified and applied the correct legal rule, which is 11 U.S.C. § 1121(b)(2). This section permits a bankruptcy court to convert a chapter 11 case to a chapter 7 case, or to dismiss the case, "whichever is in the best interests of creditors and the estate, *for cause* . . . ." 11 U.S.C. § 1121(b)(2) (emphasis added). The term "cause" is undefined, but the statute includes a nonexclusive list of factors that may constitute "cause," including "gross mismanagement of the estate," "failure to maintain appropriate insurance that poses a risk to the estate or to the public," "failure to comply with an order of the court," "failure to timely provide information or attend meetings reasonably requested by the United States Trustee," and "failure timely to pay taxes owed . . . ." *See* 11 U.S.C. § 1112(b)(4)(B), (C), (E), (H), (I). "The bankruptcy court has broad discretion in determining what constitutes 'cause' under

section 1112(b)." *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (9th Cir. B.A.P. 2014). As noted, the bankruptcy court identified and applied these rules, and the parties do not dispute this point.

**Step 2: Whether the Bankruptcy Court's Order Resulted from a Factual Finding that was Illogical, Implausible, or Without Factual Support**

The next question is whether the bankruptcy court's "resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Hinkson*, 585 F.3d at 1263.

Lapham argues that the bankruptcy court made two key errors in converting his case to a Chapter 7. First, he says the bankruptcy court erred by "finding that the filing of three late or incomplete monthly operating reports constituted gross mismanagement of the estate." *Opening Br.*, Dkt. 8, at 1 (capitalization changed here). Second, Lapham argues that the bankruptcy court failed to consider the unusual circumstances present here – namely that he is the best person to control the sale of art and antiquities. The Court will address each argument in turn.

### A. The "Cause" Determination – 11 U.S.C. § 1121(b)(1)

Lapham first suggests that the bankruptcy court decided to convert his case simply because he submitted a couple of late reports. But the bankruptcy court did not convert the case to a Chapter 7 liquidation solely for this reason. Rather, the bankruptcy court listed a number of concerns supporting its "cause" determination, including these:

(1) the debtor failed to maintain appropriate insurance;

(2) the debtor failed to provide timely information reasonably requested by the U.S. Trustee (*i.e.,* Monthly Operating Reports);

(3) the debtor failed to timely pay taxes, including accruing real estate taxes;

(4) the debtor failed to comply with obligations to close all outstanding bank accounts, open DIP accounts, and conduct business only through the DIP accounts; and

(5) the debtor employed real estate professionals without court approval.

*See Aug. 23, 2017 Hearing Transcript*, Dkt. 9-5, at 95:7 to 104:14. Further, regarding the monthly operating reports, the bankruptcy court observed that these reports were not only late, but that they were also "just a mess." *Id.* at 97:5-6. The court explained that the reports were incomplete, inaccurate and "only with effort were they even made to be legible." The court said that it had "no confidence that this debtor will be able to provide, going forward, the kind of quality of operating reports that are needed in a Chapter 11 case." *Id.* at 97:19-22.

Given these findings, the bankruptcy court did not abuse its discretion in determining that "cause' existed to convert Lapham's bankruptcy to a Chapter 7 liquidation.

### B. Unusual Circumstances – 11 U.S.C. § 1121(b)(2)

Lapham next argues that, given the "unusual circumstances," the bankruptcy court should have refrained from converting his case to a Chapter 7 case. This argument relies on 11 U.S.C. § 1112(b)(2), which states:

> (2) The court may not convert a case under this chapter to a case under chapter 7 . . . if the court finds and specifically identifies unusual circumstances establishing that converting . . . the case is not in the best interests of creditors and the state, *and the debtor or any other party in interest establishes that* –
>
> *(A) there is a reasonable likelihood that a plan will be confirmed* within the timeframes established in sections 1121(e) and 1129(e) . . . or if such sections do not apply, within a reasonable time period; . . . .

11 U.S.C. § 1121(b)(2) (emphasis added). As shown by the emphasized language, for this section to apply, the debtor or some other interested party must establish that there is a reasonable likelihood that a plan will be confirmed within applicable time frames. Lapham does not address this part of the statute, so his argument necessarily fails.

Further, the Court is not convinced by Lapham's suggestion that, given the facts, the bankruptcy court's implicit determination regarding unusual circumstances resulted from a factual finding that was illogical, implausible, or otherwise unsupported. During the hearing on the Trustee's motion to convert or dismiss, Lapham generally argued that he was "the best person to determine and be the one who sells those antiques because he can get a much greater value than someone else and so he's been doing that and moving forward." *Transcript,* at 87:7-10. The bankruptcy court was not convinced, explaining:

> [I]n the face of this cause for dismissal, I heard precious little about what the debtor's plan was going forward to deal with his financial problem other than hopefully marketing the inventory of the antiques and art store for what he thinks it's worth as opposed to what someone else could get out of it. This is despite his own testimony in response to questions by counsel and in response to the Court's questions that sales are lousy. It's [that] they're slow. . . ."

*Aug. 23, 2017 Hearing Transcript,* Dkt. 9-5, at 99:17-25. Otherwise, the court suggested

that the Trustee appointed to the case would be interested in obtaining input from Mr. Lapham regarding how to go about selling the assets in a way that will maximize sales prices. *Id.* at 103:1-5.

This record shows that the bankruptcy court acted well within its discretion in converting Lapham's case to a Chapter 7 liquidation, notwithstanding Lapham's assertion that "unusual circumstances" prevented such an order.

## ORDER

As discussed, Lapham has not demonstrated that the bankruptcy court abused its discretion by converting his bankruptcy from a Chapter 11 case to Chapter 7 case. The bankruptcy court's order of conversion is therefore **AFFIRMED**.

DATED: June 7, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge